# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1042V
(not to be published)

| | |
|---|---|
| SERGIO FLORES,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: April 10, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Neal A. Markowitz*, Thorsnes Bartolotta McGuire LLP, San Diego, CA, for Petitioner.

*Althea Walker Davis*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 2, 2017, Sergio Flores filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome as a result of an influenza vaccine received on November 18, 2015. (Petition at 1). On August 19, 2019, a decision was issued by then-Chief Special Master Dorsey awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 44).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for a final award of attorney's fees and costs, dated February 12, 2020 (ECF No. 49), requesting a total award of $94,414.27 (representing $91,535 in fees, and $2,879.27 in costs). In accordance with General Order #9, Petitioner filed a signed statement indicating he incurred no out-of-pocket expenses. (ECF No. 49-3). Respondent reacted to the motion on February 19, 2020, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 50). Petitioner did not file a reply thereafter.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion in part, awarding final attorney's fees and costs in the amount of **$30,629.12**.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). In requesting fees, the claimant "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

2

**ATTORNEY'S FEES**

Petitioner filed his motion for attorney fees and costs on February 12, 2020 requesting fees in the amount $91,535.00, calculated at the relevant attorney's asserted standard hourly rates. (ECF No. 49-1 at 15). Within the motion, Petitioner acknowledges the OSM Hourly Rate Fees Schedule, and if adjustment to the rates set forth in the motion is deemed appropriate, requests a lower fees award based on an amount at the "upper end" or "middle end" of the OSM rate range.³ For the ease of review, as the billing entries are calculated at the attorneys' standard rates, I will base my review starting from the total requested amount of $91,535.00.

### A. Hourly Rates

Petitioner requests I endorse the following rates: Neal Markowitz at the rate of $450 per hour for all time billed from 2016 – 2019, and attorney Kevin Quinn at the rate of $1000 per hour. (ECF No.49-1 at 17). Petitioner also requests compensation for time billed by the paralegals of Thorsnes Bartolotta McGuire, LLP, at the rate of $225 per hour for all time billed. I find adjustments are needed to all rates requested.

#### i. Neal Markowitz

Neal Markowitz has been a licensed attorney in California since 1999, placing him in the OSM range of attorneys with 11-19 years' experience for time billed from 2016 – 2018, and in the range of 20 – 30 years' experience for time billed in 2019. (ECF No. 49-1 at 1). Mr. Markowitz' requested rate of $450 per hour for any period, however, exceeds what an attorney with comparable overall legal experience, but a lack of Vaccine Act-specific experience, would receive in the Vaccine Program.⁴ *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating that the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

---

³ The OSM Attorney's Forum Hourly Rate Schedules are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/node/2914

⁴ This is Mr. Markowitz' first case in the Vaccine Program. Currently he has no cases pending in the program.

In light of the above, I find it appropriate to reduce the requested hourly rate for Mr. Markowitz for all periods of work performed on this matter, and instead to award him as follows:

- $350 per hour for work performed in 2016;
- $365 per hour for work performed in 2017;
- $380 per hour for work performed in 2018; and
- $395 per hour for work performed in 2019.

This reduces the total amount to be awarded as fees in this case for work Mr. Markowitz performed by **$8,394.50**.[5]

        ii.    Kevin Quinn

Kevin Quinn has been a licensed attorney since 1982, placing him in the range of attorney's with over 31 years of experience. But just as with Mr. Markowitz, Mr. Quinn has very limited experience in the Vaccine Program, having been attorney of record in only two prior cases, both of which closed in 2011. Mr. Quinn's requested rate of $1,000 per hour is otherwise facially excessive - more than double the rate received by the most experienced Program attorneys in his general range. In addition, the nature of work Mr. Quinn performed in this matter appears to have been substantively limited. Upon review of the billing records, the tasks billed by Mr. Quinn were consisted mainly of reviewing the status of the case.[6]

Due to Mr. Quinn's' limited experience in the Vaccine Program, the nature of work performed, and the overall excessiveness of the requested rate, I find it appropriate to reduce his time to the following rates:

- $400 per hour for work performed in 2016;
- $415 per hour for work performed in 2017;
- $430 per hour for work performed in 2018; and
- $445 per hour for work performed in 2019.

---

[5] This amount consists of ($450 - $350 = $100 x 22.5 hrs = $2,250) + ($450 - $365 = $85 x 31.5 hrs = $2,677.50) + ($450 - $380 = $70 x 39 hrs = $2,730) + ($450 – $395 = $55 x 13.40 hrs = $737) = $8,394.50.

[6] Mr. Quinn has eight entries billed on the invoices. These entries all include the phrase "Review status". (ECF No. 49-1 at 18, 19, 20, 26, 27, 31, 32 and 34). Three of these entries are blocked with billing for interoffice correspondence, on the dates of March 9, 2018, November 6, 2018 and August 20, 2019.

This reduces the total amount of fees to be awarded for Mr. Quinn's time in the amount of **$14,287.50**.[7]

### iii.   Paralegals

Petitioner is requesting an hourly rate of $225 for the work of paralegals on this case. This rate exceeds the OSM Attorneys' Forum Hourly Rate Schedules ranges for paralegals for all years billed. I reduce the paralegal rates to the following:

- $135 per hour for work performed in 2016;
- $135 per hour for work performed in 2017;
- $140 per hour for work performed in 2018; and
- $150 per hour for work performed in 2019.

This reduces the amount to be awarded for fees in this case in the amount of **$8,028.50**.[8]

### B. Non-Compensable Billing

In addition to the above rate adjustments, attorney time spent on tasks that the Vaccine Program does not compensate for, including time spent engaged in professional development relating to the Vaccine Program, will not be reimbursed. "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). Mr. Markowitz, however, appears to have spent 13.5 hours on research regarding the Vaccine Program, researching the Vaccine Table, and preparation for his Federal Claims Bar admission. Examples of these tasks include the following:

---

[7] This amount consists of ($1,000 - $400 = $600 x 12 hrs = $7,200) + ($1,000 - $430 = $570 x 10 hrs = $5,700) + ($1,000 - $445 = $555 x 2.5 hrs = $1,387.5) = $14,287.50. Although Mr. Quinn did not bill for time during 2017 an hourly rate is still awarded to him for purposes of any future Vaccine Program work he may perform.

[8] This amount consists of ($225 − $135 = $90 x 71.5 hrs = $6,435) + ($225 - $140 = $85 x 17.6 hrs = $1,496) + ($225 -$150 = $75 x 1.3 hrs = $97.50) = $8,028.50.

- April 22, 2016 (2.0 hrs) "Further research for filing administrative complaint, correspondence with client";
- May 27, 2016 (3.0 hrs) "Study for and take Certification test to participate in Court of Claims";
- June 24, 2016 (2.0 hrs) "Additional research into pending litigation to add GBS as listed ailment for flu shot";
- September 8, 2016 (2.0 hrs) "Research update to vaccine injury table, contact administrator at HHS regarding same";
- November 17, 2016 (1.0 hr) "Look for updated vaccine list";
- April 19, 2017 (2.0 hrs) "Review file and work with clerk on claim"; and
- April 25, 2017 (1.50 hrs) "Procedural research"

(ECF No. 49-1 at 18 – 22).[9]

These tasks are considered non-compensable and will not be reimbursed. This further reduces the amount to be awarded for fees by **$10,155.00**.[10]

### C.  Excessive and Duplicative Billing

#### i.     Case Review

Attorney Kevin Quinn billed 24.5 hours in this case "reviewing status of case." (ECF No. 49-1 at 18, 19, 20, 26, 27 and 31). Most of these entries are billed at 4 hours each, which is egregiously excessive for reviewing a case at any stage, let alone before the petition had been filed. I reduce Mr. Quinn's hours in reviewing the case from 24.5 hours to a more appropriate time of 4 hours (1 hour of review for 2016, 2 hours review for 2018 and 1 hour of review for 2019). This reduces the amount to be awarded in fees by **$8,507.50**.[11]

#### ii.    Preparing Petition

---

[9] These are merely examples and not an exhaustive list.

[10] This amount was calculated by multiplying Mr. Markowitz's reduced 2016 rate, (disallowed for the reasons set forth above), at ($350 x 20.5 hrs = $7,175) and his reduced 2017 rate ($365 x 6.5 hrs = $2,372.50) and the paralegals reduced 2016 and 2017 rates ($135 x 4.5 = $607.50) = $10,155.00.

[11] This amount consists of hours multiplied by Mr. Quinn's reduced as follows: ($400 x 11 hrs = $4,400) + ($430 x 8 hrs = $3,440) + ($445 x 1.5 hr = $667.50) = $8,507.50.

Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella*, 86 Fed. Cl. at 209.

Mr. Markowitz and his firm's paralegals billed a total of 82.3 hours (a total of $15,910.50 at the reduced rates) for drafting, summarizing records, preparing exhibits, finalizing and the filing of the petition between March 2016 - August 2017.[12] Billing invoices also show time was billed for filing the petition in both April and August 2017. The petition for this case was officially filed on August 2, 2017, and consisting of 15 pages total, including eight pages of the petition, one cover sheet, a three-page exhibit list and a three-page table of contents. (ECF No. 1). After review of the petition filed on August 2, 2017 and the billing records, I find that a reduction of 75 percent of the time billed preparing the petition to be appropriate. This reduces the amount to be awarded in fees by an additional **$11,932.88**.[13]

## ATTORNEY COSTS

Petitioner requests $2,879.27 in overall costs. (ECF No. 49-1 at 39). This amount is comprised of obtaining medical records, shipping costs, copy costs, and the Court's filing fee.[14] Upon review of the motion for fees and costs, however, it was discovered that supporting documentation for the request for costs was not included. On February 20, 2020 a scheduling order was filed requesting Petitioner file the supporting documentation

---

[12] This total amount does not include time billed for summarizing medical records that were filed after the initial filing of the petition.

[13] This amount was calculated using Mr. Markowitz' reduced rate for 2016 ($350 x 2 hrs = $700) + and for 2017 ($365 x 19 hrs = $6,935) + and the reduced paralegal hourly rates for 2016 and 2017 ($135 x 61.30 hrs = $8,275.50) = $15,910.50 x 0.75 = $11,932.88. As time was billed by the paralegals and Mr. Markowitz, it was easier to reduce a percentage of the total dollar amount billed as a whole, as it is unknown which hours were billed preparing the petition actually filed. The entries included in these calculations can be found at ECF No. 49-1 at 18 – 24.

[14] It is noted that upon review of the itemized list of costs, there are several costs that would be considered non-compensable even if they were substantiated. These include: "Certificate in good standing from DC district" in the amount of $25.00, and scanning charges in the amount of $33.40.

for his request for costs, including but not limited to receipts, invoices, and or copies of payments, by March 5, 2020. (ECF No. 51). Petitioner did not file a response to the scheduling order or the requested documentation. As there is not supporting documentation for the request, I hereby deny Petitioner's request for costs. However, I will award Petitioner the filing fee of $400, as this is a standard fee charged by the Court for the filing of a petition. This reduces the sum to be awarded in costs by **$2,479.27**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the I **GRANT IN PART** Petitioner's motion for attorney's fees and costs as follows:

**Attorney's Fees:**

| | |
|---|---|
| Total Requested: | $91,535.00 |
| Less Mr. Markowitz Rate Adjustment: | ($ 8,394.50) |
| Less Mr. Quinn Rate Adjustment: | ($14,287.50) |
| Less Paralegal Rate Adjustment: | ($ 8,028.50) |
| Less Non-Compensable Entries: | ($10,155.00) |
| Less Hours re: Case Review: | ($ 8,507.50) |
| Less Hours re: Case Petition: | ($11,932.88) |
| Total Fess Awarded: | $ 30,229.12 |

**Costs:**

| | |
|---|---|
| Total Requested: | $ 2,879.27 |
| Less Costs denied: | ($ 2,479.27) |
| Total Costs Awarded | $    400.00 |

**Total Attorney's Fees and Costs Awarded:**         **$ 30,629.12**[15]

---

[15] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

Payment should be finalized in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[16]

**IT IS SO ORDERED.**

        **s/Brian H. Corcoran**
        Brian H. Corcoran
        Chief Special Master

---

[16] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.